VIOLET M. MEGATHLIN *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    March 3, 1915. — April 1, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Actionable Tort. Damages,* In tort.

In an action by a woman passenger upon an electric street railway car against the street railway company for personal injuries, there was evidence tending to show that the car in which the plaintiff was was struck "a terrific blow" with "an awful bang" by a street car behind it and was pushed forward into a street car in front, that a woman passenger in front of the plaintiff was thrown by the impact out of the car on her head against a fence and another woman who was passing between the first and second cars was killed, that the plaintiff was thrown sharply forward and back, that she did not know whether she struck anything or not but that it seemed as if she "didn't have" her "head." The plaintiff's physician testified that the next day the plaintiff had an eruption on her neck and the upper portions of her body which, with her other symptoms, he diagnosed as urticaria, and that a collision which resulted in a severe jar and shaking up or shock to the nervous system was an adequate explanation of the plaintiff's condition. *Held,* that a finding for the plaintiff was warranted because there was evidence that the plaintiff at the time of the collision suffered a physical injury from without.

TORT for personal injuries alleged to have been caused by a collision between street cars of the defendant, in one of which the plaintiff was a passenger. Writ dated September 4, 1913.

In the Superior Court the case was heard by *Fox,* J., without a jury. He found for the plaintiff and with the consent of both

---

\* *Hitchcock,* J.

parties reported the case to this court for determination, the plaintiff having stipulated that, if the judge had no right to find in her favor, judgment was to be for the defendant; otherwise, judgment was to be for the plaintiff in the sum of $1,000.

*J. E. Hannigan,* for the defendant.

*E. O. Proctor,* for the plaintiff.

DE COURCY, J.    While the open car in which the plaintiff was a passenger, and another one ahead, were stationary, a third car coming from behind struck the one in which she sat "a terrific blow" and knocked it into the car ahead.  A woman seated in front of the plaintiff was thrown out on her head and against a fence; and another woman who was passing between the first and second cars was killed.  When asked to state the effect of the collision upon herself the plaintiff said:  "There was an awful bang.  It threw you back and forward.  No sooner forward than back.  I don't know whether I struck anything or not.  I put my hand up to see if my head was there;" and "It seemed as if you were no sooner forward than you were thrust back; . . . it seemed as if I didn't have my head, . . . I kept putting my hands up like this [indicating] . . . because I felt as if my head wasn't there." To the question "What did you feel, any effects from the collision?" she answered, "Why, yes, I felt terribly weak."  On the next day she was nervous and unstrung, and there was an eruption over her neck and the upper portions of her body.  This was diagnosed as urticaria by her physician, who testified that a collision which results in a severe jar and shaking up or shock to the nervous system was an adequate explanation of the plaintiff's condition.  No other injury to the plaintiff was testified to.  The trial judge found that the plaintiff made out a case of physical injury such as entitled her to damages; and the only question raised by the report is whether he was warranted by the evidence in so finding.

On this narrow issue of the proof of physical injury the evidence is meagre.  But we cannot say as matter of law that the plaintiff's sensation that her head was gone, and her extreme weakness, following the violent motion of being jerked forward and back, were due solely to internal fright and were not evidence of physical injury.  As was said by Hammond, J., in *Driscoll* v. *Gaffey*, 207 Mass. 102, 105:  "It is not necessary that the physical injury

from without should be indicated upon the surface of the body by a bruise or otherwise. . . . An internal injury caused by a blow from without is none the less an injury from the fact that it is wholly internal, or indeed from the fact that its true nature cannot be accurately diagnosed except by a *post mortem* examination." Further, on the testimony of the plaintiff's physician, the judge could find that the urticaria from which the plaintiff suffered was due in part at least to the physical effects of the severe jar; and there was evidence that it did not result from nervous shock. Presumably the plaintiff suffered from fright and mental disturbance, but we think that the judge properly could find that it was accompanied, as a result of the same accident, by physical injury "from without." *Berard* v. *Boston & Albany Railroad,* 177 Mass. 179. *Steverman* v. *Boston Elevated Railway,* 205 Mass. 508. *Bell* v. *New York, New Haven, & Hartford Railroad,* 217 Mass. 408.

It also is argued by the plaintiff that without showing an explicit physical injury she may recover on the ground that she has shown a substantial battery or impact, guaranteeing the reality of the nervous shock. That question, however, is not open on the record. In accordance with the report judgment is to be entered for the plaintiff in the sum of $1,000.

*So ordered.*