LUVIUS KISIEL *vs.* HOLYOKE STREET RAILWAY COMPANY.

Hampden.     September 22, 1921. — October 27, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, & JENNEY, JJ.

*Actionable Tort. Negligence,* Existence of physical injury. *Evidence,* In rebuttal. *Practice, Civil,* Conduct of trial.

At the trial of an action by a woman against a street railway company for personal injuries alleged to have been received when the plaintiff was a passenger upon an electric street car of the defendant which collided with another car, there was evidence tending to show that at the time of the collision the plain-.

tiff was pregnant, and she testified that she was "thrown over" by the collision, that "when the bump occurred it threw me forward against the lady next to me;" that she was "pushed up against the woman" in front of her and that "the woman sitting on the other side bumped" into her; that she felt "pain on the right side of . . . [her] abdomen" at the time and "had pains all over and was very dizzy." A physician who attended her on the night of the accident testified to finding her in bed "flowing large clots" of blood and suffering great pain; that there was a slight prolapsus of the womb which was "caused solely by the accident;" and that these conditions continued until the premature birth of a child. Evidence introduced by the defendant tended to show that the jar of the collision was slight, did not affect at all passengers who were seated and did not to any appreciable extent move those standing. Physicians testified for the defendant that the plaintiff's symptoms were not caused by the accident and that there was no premature birth. *Held,* that

(1) The evidence warranted a finding of substantial physical injury to the plaintiff;

(2) It could not be said as a matter of law that the plaintiff's condition was due solely to fright and was not caused by physical injury from without;

(3) There was no error in refusing a request for a ruling that the plaintiff could not recover for any injuries caused by fright unless at the time of the occurrence of the fright there was a substantial battery to her person.

At the trial above described, the judge charged the jury in substance that, unless there was a physical injury, the plaintiff could not recover for fright, that to constitute physical injury there need not be "a bruise or a break" or any injury showing objectively. He defined an injury as "a wrong . . . the violation of a legal right," and stated that the plaintiff's legal right was "to be carried safely so far as her person was concerned," and that, if they found that the collision was an unlawful bump or collision, a thing the defendant had no right to do, taking into consideration the safety with which it ought to carry its passengers, they might say that that was a physical injury; that for fright alone the plaintiff could not recover unless that was accompanied with physical injury, "the deprivation or the violation of a physical right which she had as a passenger there, that right being the safe carriage, the immunity of her person from any touch, even, that should come wrongfully to her by any wrongful act on the part of the defendant;" that, if they found that the plaintiff "was thrown over against her neighbor one way or the other, or both, and suffered enough of a shock from the bump of the cars that she was caused to drop the packages that she had into her lap, you may find that that in itself was a physical injury, and that is sufficient to lay a basis for the fright, the nervous disturbances which followed." *Held,* that the instructions contained no error harmful to the defendant.

Where a woman, at the trial of an action of tort brought by her for personal injuries, had been a witness for herself in chief and had been cross-examined in such detail as the defendant had desired, and also was called in rebuttal and had testified as to what had happened when she was examined by physicians employed by the defendant and in recross-examination had stated that she had told one of those physicians how the accident occurred and had said that she was frightened and nervous, it is within the discretion of the judge to exclude a further question put to her in recross-examination as to whether she knew of any other cause for her trouble except the fright and nervousness.

TORT for personal injuries alleged to have been received by the plaintiff while a passenger on a street car of the defendant when it collided with another street car. Writ dated April 1, 1919.

In the Superior Court, the action was tried before *Raymond, J.* Material evidence, requests of the defendant for rulings and portions of the charge to the jury are described in the opinion. Besides making its requests for rulings, the defendant at the close of the evidence moved that a verdict be ordered in its favor. The motion was denied. There was a verdict for the plaintiff in the sum of $500; and the defendant alleged exceptions.

The case was submitted on briefs.

*W. H. Brooks, J. P. Kirby & D. H. Keedy,* for the defendant.

*T. C. Maher,* for the plaintiff.

JENNEY, J. The plaintiff seeks to recover damages for an injury claimed to have been received by her by reason of a rear-end collision between cars of the defendant. No question arises of the due care of the plaintiff or negligence for which the defendant is liable. The main contention is whether the plaintiff's injury was caused wholly by fright and nervous shock or from force applied directly to her in such a degree as to entitle her to recover the damages caused as the direct result of the collision, and also those resulting from nervous shock and mental disturbance.

In this Commonwealth it is settled beyond doubt that, in actions for injury by negligence such as is here involved, there can be no recovery for "fright, terror, alarm, anxiety, or distress of mind, if these are unaccompanied by some physical injury" from without to the person; but in case there is such injury damages are assessed with reference to the results immediately arising therefrom and from those "attributable to the mental shock or disturbance." *Spade* v. *Lynn & Boston Railroad,* 168 Mass. 285. *Mullin* v. *Boston Elevated Railway,* 185 Mass. 522. *Driscoll* v. *Gaffey,* 207 Mass. 102. Such physical injury need not be indicated upon the surface of the body by bruises or otherwise. *Driscoll* v. *Gaffey, supra.* It may be caused by a fall when by reason of fright one faints. *Conley* v. *United Drug Co.* 218 Mass. 238. It may be slight so far as the physical injury is concerned. *Hunnewell's Case,* 220 Mass. 351. *Megathlin* v. *Boston Elevated Rail-*

*way,* 220 Mass. 558. *McCarthy* v. *Boston Elevated Railway,* 223
Mass. 568. See also *Berard* v. *Boston & Albany Railroad,* 177
Mass. 179; *Cameron* v. *New England Telephone & Telegraph Co.*
182 Mass. 310. While under the decisions above cited, mental
suffering or other injury akin thereto does not constitute an
independent cause of action, largely because of the "remoteness of
such damages and . . . the metaphysical character of such an
injury," if there was an actual invasion of the plaintiff's rights
by the appreciable and wrongful application of violence to her
body causing mental suffering or like injury as its proximate re-
sult, such elements may be considered in assessing damages. See
*Stiles* v. *Municipal Council of Lowell,* 233 Mass. 174, 185; *Warren*
v. *Boston & Maine Railroad,* 163 Mass. 484, 487; *Steverman* v.
*Boston Elevated Railway,* 205 Mass. 508. As said by Holmes,
C. J., in *Homans* v. *Boston Elevated Railway,* 180 Mass. 456, 457:
"It is an arbitrary exception, based upon a notion of what is
practicable, that prevents a recovery for visible illness resulting
from nervous shock alone." See *Driscoll* v. *Gaffey, supra.* In
the Homans case, it was recognized that the ultimate basis of the
rule was whether there had been a wrongful application of force
to the plaintiff. The opinion states: "But when there has been
a battery and the nervous shock results from the same wrongful
management as the battery, it is at least equally impracticable
to go further and to inquire whether the shock comes through
the battery or along with it. Even were it otherwise, recognizing
as we must the logic in favor of the plaintiff when a remedy is
denied because the only immediate wrong was a shock to the
nerves, we think that when the reality of the cause is guaranteed
by proof of a substantial battery of the person there is no occasion
to press further the exception to general rules."

In the case now to be decided it is necessary to consider this
question broadly, as the judge, after instructing the jury specifi-
cally and in detail that unless there was a physical injury the plain-
tiff could not recover for fright, further said that to constitute
physical injury there need not be "a bruise or a break" or any
injury showing objectively. He defined physical injury as follows:
"What is an injury? It is a wrong, it is the violation of a legal
right. Now to come home to this case again, with the defini-
tion or statement of a simple principle, the injury, the physical

injury is the violation of a legal right. What was the legal right of this woman? It was to be carried safely so far as her person was concerned. Is there any evidence that her person, which she had a right to hold sacred against the unlawful touch of anybody, that her person was interfered with? As I recall, and yet I want you to bear in mind that it is for you to say, there was some testimony that when that bump took place she was thrown over against her neighbor at one side and perhaps back against her neighbor at the other, although I am not at all certain about the latter, I want you to bear in mind about both; that she had something in her lap which fell or dropped upon her, . . . bear in mind just what the testimony was therein, if there was testimony to that fact, and you believe that, so that this bump or collision which you have found was an unlawful bump or collision, a thing that they had not right to do, taking into consideration the safety with which they ought to carry their passengers, if you find that there was a wrongful interference with the freedom and the safety with which that woman had a right to ride, you may say that that was a physical injury, a physical violation of her rights in the case, and infringement of the right to safety which she had when she became a passenger on the car. . . . Now in this case the law says that for the fright the woman shall not recover damages unless that is accompanied with physical injury, with the deprivation or the violation of a physical right which she had as a passenger there, that right being the safe carriage, the immunity of her person from any touch, even, that should come wrongfully to her by any wrongful act on the part of the defendant. I don't want to make that so long or so involved as to conceal the real principle that lies at the base, and perhaps it may be summed up in this way, which is largely a repetition; that for fright alone the woman cannot recover unless that fright be accompanied with a physical injury, and if you should find the fact that she was thrown over against her neighbor one way or the other, or both, and suffered enough of a shock from the bump of the cars that she was caused to drop the packages that she had into her lap, you may find that that in itself was a physical injury, and that is sufficient to lay a basis for the fright, the nervous disturbances which followed. If you find that it was not, then the defendant would be entitled to ·

your verdict on the ground that whether or not it was negligent it had not caused a legal injury."

Among the defendant's requests for rulings were the following:

"2. The plaintiff cannot recover for any injuries caused by fright unless at the time of the occurrence of the fright there was a substantial battery to her person.

"3. There is no sufficient evidence to warrant the jury in finding that at the time of the collision there was a substantial battery to the person of the plaintiff and she cannot recover."

"5. There is no sufficient evidence which will warrant the jury in finding that there was at the time of the collision any physical injury from without inflicted upon the plaintiff and she cannot recover.

"6. If this plaintiff received only a sense of fright, if she remained in her seat where she was sitting and there was no physical injury imposed upon her body, and the only thing that she has suffered from was the mental shock, the nervous shock as the result of fear, she would not be entitled to recover. The jury must be satisfied that there was some physical injury imposed upon her at the time of the collision."

These rulings were not given. The defendant excepted to their refusal and to the part of the charge relating to "injury" or "physical injury." The sixth request was given in substance. The third and the fifth could not properly be given because the evidence well warranted, although it did not require, a finding of substantial physical injury. The plaintiff who was pregnant testified that she was "thrown over;" "when the bump occurred it threw me forward against the lady next to me;" that she was "pushed up against the woman" in front of her and that "the woman sitting on the other side bumped" into her; that she felt "a pain on the right side of . . . [her] abdomen" at the time and "had pains all over and was very dizzy." *Homans* v. *Boston Elevated Railway, supra.* A doctor who attended her on the night of the accident testified that she found her in bed "flowing large clots" of blood and suffering great pain; that there was a slight prolapsus of the womb which was "caused solely by the accident;" and that these conditions continued until the premature birth of a child.

It could not be said as matter of law that the plaintiff's condition was due solely to fright and was not caused by physical injury from without; such injury may be internal. *Megathlin* v. *Boston Elevated Railway, supra.*

The second request directly presents the question whether the plaintiff could recover for injuries caused by fright if physical force were wrongfully applied to her, but not causing a substantial battery. This request was pertinent to the facts as the defendant claimed, and as the jury may have found them to be. Witnesses called in its behalf testified that the jar of the collision was no more than some cars get in starting; that all that happened was a slight bump; that persons standing up were not moved by the collision to any appreciable extent or thrown from their balance; and that those in the seats were not moved at all. The doctors who examined the plaintiff testified that in their opinion the accident did not cause the flowing and the pains suffered and that the birth was not premature; and in other respects gave testimony which if believed was inconsistent with the plaintiff's description of her condition after the accident. But the weight of this evidence was for the jury. In our opinion the instructions given were not open to the objection made thereto. There was no error in refusing to give the second request.

The plaintiff, who had testified in chief, was called in rebuttal and on direct examination testified as to what had happened when she was examined by the doctors employed by the defendant. In the course of her cross-examination she said that she told one of these doctors how the accident occurred; that she was frightened and nervous. The court excluded, subject to the defendant's exception, a question then put to her in cross-examination, whether she knew of any other cause for her trouble except the fright and nervousness. If it be assumed that the answer would have been "No," and hence favorable to the defendant, there was no error. The plaintiff had been a witness in her own behalf and had then been cross-examined in such detail as the defendant desired. On rebuttal she had not been examined as to anything relating to her case in chief. Under these circumstances, it was within the discretion of the judge to exclude the question in cross-examination which related to liability and to the measure of damages. The defendant having

rested cannot as matter of right reopen the case on these points. *Ashworth* v. *Kittridge*, 12 Cush. 193.

The other exceptions need not be considered. None of them is argued, and they are treated as waived.

*Exceptions overruled.*