## MARY A. DILLON *vs.* TOWN OF FRAMINGHAM.

Middlesex.    December 3, 1934. — December 5, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Appellate Division: report; Findings by judge; Requests, rulings and instructions. *Way,* Public: defect. *Evidence,* Opinion: expert.

A report by a judge of a district court to an appellate division ought to state with conciseness and clarity the points of law actually raised with sufficient evidence to enable the appellate court to decide with understanding whether the substantial rights of the parties have been injuriously affected in the light of the issues and the course of the trial; and it ought not to be encumbered and obscured by immaterial and unnecessary matter. Per RUGG, C.J.

Findings of fact made by a judge of a district court upon conflicting evidence at the hearing of an action at law cannot be reviewed by this court.

A cover of a water gate or water shut-off box which projected about two inches above the gravel surface of the sidewalk in a public way in a town properly could be found to be a defect in the way.

Evidence, that the condition of such sidewalk had been substantially the same for about three weeks, warranted a finding that the officials of the town in the exercise of reasonable care might have known of it.

Upon evidence, at the hearing of an action against a town for personal injuries sustained from stumbling over the cover of the water gate or water shut-off box above described, that the projection was two inches above the surface of the sidewalk and had remained so for about three weeks, it was proper to refuse rulings to the effect that a finding for the plaintiff was not warranted.

At the hearing of the action above described, the defendant introduced evidence that the projection was somewhat less than two inches and asked for a ruling: "The protruding of the metal cover to the water box an inch or less distance above the sidewalk immediately around it is not a defect or want of repair in the sidewalk within the meaning of the statute". The ruling was refused. *Held,* that no error was disclosed: the judge could not be required by such a request to deal specifically with fragmentary portions of the evidence.

An employee of the water department of the defendant, testifying for the defendant at the hearing above described, stated that he went to the place of the accident shortly after it occurred, and described conditions as he found them there. He then was allowed to testify that, when a water shut-off box projected above the level of the sidewalk, the condition was remedied either by driving the box down or by

building the sidewalk up around it. A further question, whether it was "necessary to do either of those things in connection with this," was excluded. *Held*, that the exclusion was proper, the subject matter of the inquiry not being a proper one for expert testimony.

TORT. Writ in the First District Court of Southern Middlesex dated January 26, 1933.

In the District Court, the action was heard by *Dexter*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. Upon the law applicable to the evidence the plaintiff is not entitled to recover.

"3. The protruding of the metal cover to the water box an inch or less distance above the sidewalk immediately around it is not a defect or want of repair in the sidewalk within the meaning of the statute.

"4. If part of the metal cover protruded above the sidewalk sufficiently to constitute a defect or want of repair, and part of it did not protrude sufficiently and the plaintiff fell over the part which did not she cannot recover."

The rulings were refused, as stated in the opinion. There was a finding for the plaintiff in the sum of $3,087.

The judge reported the action to the Appellate Division for the Northern District. The first paragraph of the report stated that the "issues presented in the case" were "1. Whether the court erred in excluding certain evidence. 2. Whether the court erred in denying the defendant's request for rulings, copies of which are annexed to this report."

The report filled eighteen pages of the printed record, seven of which set out evidence relating solely to the extent of the plaintiff's injuries, including four pages of testimony of physicians.

The report was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*C. W. Proctor*, for the defendant.

*J. P. Driscoll*, for the plaintiff.

Rugg, C.J.   This is an action of tort heard before a judge of a district court.  The plaintiff seeks to recover compensation for personal injuries alleged to have been received by her while a traveller upon a public way by reason of a defect therein.  There was a finding in favor of the plaintiff for substantial damages.  The report is unnecessarily long and contains much irrelevant matter.  In particular all medical testimony as to the physical condition of the plaintiff should have been omitted because no question of law touching damages was reported.  A report ought to state with conciseness and clarity the points of law actually raised with sufficient evidence to enable the appellate court to decide with understanding whether the substantial rights of the parties have been injuriously affected in the light of the issues and the course of the trial.  It ought not to be encumbered and obscured by immaterial and unnecessary matter.  *John B. Frey Co. Inc.* v. *S. Silk, Inc.* 245 Mass. 534, 537, and cases cited.

There was evidence tending to show that the plaintiff on November 2, 1932, while walking on a sidewalk on a public way in the defendant town, stumbled on the cover of a water gate or water shut-off box which projected about two inches above the gravel surface of the sidewalk, and that it had been in the same condition for about three weeks. The plaintiff fell and received serious injuries.  Evidence of witnesses called by the defendant tended to show the height of the projection to be somewhat less than two inches.  After a finding in her favor, the evidence must be taken in its aspect most advantageous to the plaintiff.  The general finding for the plaintiff imports the drawing of all supporting inferences of which the evidence is susceptible.  *Royle* v. *Worcester Buick Co.* 243 Mass. 143, 145.  Findings of fact made in an action at law upon conflicting evidence cannot be reviewed by this court.  *Ashapa* v. *Reed,* 280 Mass. 514. That such a projection may be found to be a defect in the highway is settled by numerous decisions.  *O'Brien* v. *Woburn,* 184 Mass. 598.  *Thomas* v. *Winthrop,* 222 Mass. 456.  That the condition of the sidewalk had been substantially the same for about three weeks would have warranted

a finding that the officials of the town might in the exercise of reasonable care have known of it. *Cook* v. *Boston,* 266 Mass. 159. *Redford* v. *Woburn,* 176 Mass. 520.

Manifestly the first two requests for rulings, to the effect that the plaintiff could not recover, were denied rightly. The third request based on testimony introduced by the defendant as to the projection of the water box above the sidewalk was denied rightly. The trial judge cannot be required by requests for rulings of law to deal specifically with fragmentary portions of the evidence. *Ayers* v. *Ratshesky,* 213 Mass. 589, 593. *Bruce* v. *Johnson,* 277 Mass. 273, 275. *Ledoux* v. *Perry,* 284 Mass. 365. The fourth request was properly refused as not being applicable to the facts found. *Levine* v. *Cohen,* 235 Mass. 446.

A witness called by the defendant testified that he was employed by the water department of the defendant and went to the place of the accident shortly after it occurred, and he gave evidence as to the conditions found there by him. He was allowed to testify that when a water shut-off box projected above the level of the sidewalk the condition was remedied either by driving the box down or by building the sidewalk up around it. He was then asked "was it necessary to do either of those things in connection with this?" The question was rightly excluded. Whether the condition ought to have been remedied was not a subject of expert testimony but was a matter for the trial judge to pass upon after having found what the condition was. *Spillane* v. *Fitchburg,* 177 Mass. 87. *Beaucage* v. *Mercer,* 206 Mass. 492, 500.

*Order dismissing report affirmed.*