SADIE FREEDMAN *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY.

SAME *vs.* FALL RIVER GAS WORKS COMPANY.

Bristol.   October 25, 1937. — January 31, 1938.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Negligence,* Street railway, Motor vehicle, In use of way. *Actionable Tort. Proximate Cause.*

Evidence that a street railway car came in contact with a parked motor truck and that, while both operators by joint efforts were trying to extricate the vehicles so that one of them could proceed, the truck

struck the side of the car and broke a window warranted findings of negligence of both operators toward a passenger in the car injured thereby.

Evidence that a passenger on a street car strained a muscle in arising suddenly from his seat to escape danger apparently impending from the breaking of a window beside him warranted a finding of liability to the passenger on the part of those whose negligence caused the breaking of the window.

TWO ACTIONS OF TORT. Writs in the Second District Court of Bristol dated March 1, 1935.

On removal to the Superior Court the actions were tried together before *Walsh*, J., who ordered verdicts for the defendants. The plaintiff alleged exceptions.

*M. Entin*, for the plaintiff, submitted a brief.

*A. E. Seagrave*, for the defendant Eastern Massachusetts Street Railway Company.

*H. S. R. Buffinton & R. C. Westgate*, for the defendant Fall River Gas Works Company, submitted a brief.

DOLAN, J. These are two actions of tort brought by the plaintiff for personal injuries alleged to have been sustained as a result of a collision of a street car of the defendant street railway company with a motor truck owned by the defendant gas works company. The cases were tried together to a jury. The trial judge directed a verdict for the defendant in each case.

In its aspect most favorable to the plaintiff the evidence may be summarized as follows: On October 22, 1934, the plaintiff was a passenger in the car of the defendant street railway company which was operated by an employee. The car was going north on North Main Street in the city of Fall River. The truck of the defendant gas works company was parked on the right side of the car "beside the curbing." The operator of the car, as he approached, saw the truck "pretty close to the curbing." The car stopped in contact with the corner of the truck. The truck driver tried to go by the car but could not get by. Then the operator of the car tried to proceed but could not. Then they both tried to go together but could not, and the truck came in contact with the side of the car, breaking the window opposite the seat behind that in which the plaintiff

was seated. When the plaintiff heard the window break she jumped from her seat and twisted her shoulder. She was "scared and nervous." She felt pains in her right shoulder and neck but left the car and walked home. She telephoned to a doctor and on his advice placed an electric pad on her right shoulder and neck and went to bed. The next day she felt pain from the back of her head through her shoulder and arm. The plaintiff testified that she received medical treatments, and that she had never been nervous before the accident and was badly frightened when it took place. Each of the defendants contends that there was no evidence of negligence on its part. We are of opinion, however, that there was evidence for the jury in each case of the defendant's negligence, and that this issue should have been submitted to them with proper instructions. The instant cases are distinguishable in the facts from *Stangy* v. *Boston Elevated Railway*, 220 Mass. 414.

The second contention of the defendants is that the plaintiff's injuries were due solely to fear; that she suffered no physical injuries from without to her person; and that she cannot recover under the rule of *Spade* v. *Lynn & Boston Railroad*, 168 Mass. 285. In that case, at page 290, the court said: "We remain satisfied with the rule that there can be no recovery for fright, terror, alarm, anxiety, or distress of mind, if these are unaccompanied by some physical injury; and if this rule is to stand, we think it should also be held that there can be no recovery for such physical injuries as may be caused solely by such mental disturbance, where there is no injury to the person from without." We are of opinion that the principle just quoted is inapplicable to the facts in the case at bar. That principle has to do with the internal results of the operation of such disturbances as are described in the rule, where the injury is not directly caused by the defendant's negligence, but is caused solely by the effect of those disturbances upon the mind and body of the plaintiff. Correctly interpreted, a physical injury "from without" for which recovery may be had is one not solely the result of "fright, terror, alarm, anxiety, or distress of mind." There "can be no recovery for sickness

due to the purely internal operation of fright caused by a negligent act," *Smith* v. *Postal Telegraph Cable Co.* 174 Mass. 576, 578; but the "principle of the *Spade* case is confined strictly to cases where the connection of the physical illness with the fright is wholly internal." *Cameron* v. *New England Telephone & Telegraph Co.* 182 Mass. 310, 312.

In the present cases it is a reasonable inference that the sudden action of the plaintiff in rising from her seat to escape impending danger resulting from the defendants' negligence strained some muscle, ligament or other structural part of the plaintiff's shoulder. It is not necessary that there be any visible marks of injury in order that recovery may be had if in fact physical injuries result other than those produced by mere mental disturbances. *Driscoll* v. *Gaffey*, 207 Mass. 102, 105. *Megathlin* v. *Boston Elevated Railway*, 220 Mass. 558, 559. The jury would have been warranted in finding that the injury described by the plaintiff was not one which could be caused by the internal operation of fear. The negligence of the defendants, the resultant situation of apparent danger, the effort of the plaintiff to escape that danger, and the twisted shoulder of the plaintiff, followed in succession. It is true that in decisions of this court referred to in a footnote,[*] where the principle laid down in *Spade* v. *Lynn & Boston Railroad*, 168 Mass. 285, has been discussed and recovery was had by the plaintiff, proof that there was a physical injury "from without" was supported by evidence of a blow or impact. That there was evidence in those cases of physical injuries due to a blow or impact should not be taken to mean that without such blow or impact there may not be recovery in case of resultant physical injury, as distinguished from harm resulting solely from the internal operation of fright or other emotional dis-

---

[*] *Gannon* v. *New York, New Haven & Hartford Railroad*, 173 Mass. 40. *Berard* v. *Boston & Albany Railroad*, 177 Mass. 179. *Cameron* v. *New England Telephone & Telegraph Co.* 182 Mass. 310. *Steverman* v. *Boston Elevated Railway*, 205 Mass. 508. *Driscoll* v. *Gaffey*, 207 Mass. 102. *Bell* v. *New York, New Haven & Hartford Railroad*, 217 Mass. 408. *Conley* v. *United Drug Co.* 218 Mass. 238. *McCarthy* v. *Boston Elevated Railway*, 223 Mass. 568. *Kisiel* v. *Holyoke Street Railway*, 240 Mass. 29. *Lewis* v. *Springfield*, 261 Mass. 183.

turbance. We are of opinion that it cannot be said as matter of law that a blow or impact must be shown to prove a physical injury from without. The phrase "from without" as used in our cases excludes purely psychological or emotional consequences when they stand alone, but includes all physical injury not resulting solely from mental shock or emotional disturbances. The question, therefore, in each such case is whether the physical injury resulting from the defendant's negligence is in fact one which was not caused solely by mental disturbances. The proof that it was "from without," in the sense in which we have just defined that phrase, is not restricted to evidence of the application of violence to the person of the plaintiff.

In the cases at bar we think that there was evidence which would have warranted the jury in finding that the defendants were negligent, and that their negligence was the direct cause of a physical injury to the plaintiff which was not due solely to fright, terror, alarm, anxiety, or distress of mind. The entry in each case will be

*Exceptions sustained.*