Pettingell, J.
Defendant, negligently making a left turn, ran down the plaintiff and her daughter, who were crossing the street into which the defendant turned. The plaintiff and her daughter were walking* arm in arm with the daughter nearer the defendant’s car as it came toward them. The daughter, seeing the car approaching, pushed the plaintiff away with the arm that was holding the plaintiff, and threw up her other arm to protect herself. That hand came in contact with the defendant’s automobile. The plaintiff felt the push as it was given, but there was no objective sign afterward of injury in the vicinity of that part of the body where she was pushed, nor did she afterward complain of pain in any part of her body. She testified that she suffered from nervousness, and that she was confined to bed for five days following the accident. Her physician, who attended her the night of the injury, found no objective symptoms and made a diagnosis of nervous shock, giving *387 her five days total disability and five days partial disability.
The facts, thus stated, were agreed upon by the parties and no question of their truth, or of the credibility of the witnesses, is involved.
No requests for rulings were filed by either party. The trial judge “being of the opinion that there was a close question of law involved as to liability offered to report the case to the Appellate Division.” The report does not state that a finding was made, but the docket entries contain an entry of a finding for the “plaintiff in sum of $111.00.” As the report states that the case is reported at the request of the defendant, and that it “is further agreed that, if the Appellate Division should come to the conclusion that the plaintiff is entitled to recover upon the above set of facts, then judgment should be entered for the plaintiff, ’ ’ we deal with the case on the basis that a finding was made for the plaintiff and that the report, there being no requests for rulings, raises the single issue whether the finding for the plaintiff can be sustained on the evidence.
The finding for the plaintiff imports a finding of all ■subsidiary facts necessary to that conclusion. Adams v. Dick, 226 Mass. 46, at 53. Engel v. Checker Taxi Co., 275 Mass. 471, at 475. Ferreira v. Zaccolanti, 281 Mass. 91, at 92. Mahoney v. Norcross, 284 Mass. 153. Kennedy Bros. v. Bird, 287 Mass. 477, at 484.
The general finding, therefore, imported subsidiary findings that the plaintiff received a physical injury when her daughter pushed her out of the way of the defendant’s automobile, and that that physical injury was the cause of the plaintiff’s disability. If there was such a physical injury and such a resulting physical disability, the plaintiff could recover, even though fright, caused by the defendant’s negligent act, contributed, also, to the disability.
*388 “But where there has been a battery and the nervous shock results from the same wrongful management as the battery, it is at least equally impracticable to go further and to inquire whether the shock comes through the battery or along with it. Even were it otherwise, recognizing as we must the logic in favor of a plaintiff when a remedy is denied because the only immediate wrong was a shook to the nerves, we think that when. the reality of the cause is guaranteed by proof of a substantial battery of the person there is no occasion to press further the exception to general rules. The difference between this case and the Spade case in its second presentation is that in the latter the defendant’s wrong, if any, began with the battery, and it was not responsible for the previous sources of fear, whereas here the defendant was responsible for the trouble throughout.” Homans v. Boston Elevated Ry., 180 Mass. 456, at 458.
“It is next argued by the defendant that * * * the illness of the plaintiff was due solely to fright. If that is so, then there can be no recovery. * # * where, however, the fright or mental disturbance is accompanied as h result of the same accident by physical injury ‘from without’, then in the damages to be assessed there should be included not only those directly due to the injury from without, but also those attributable to the mental shock and disturbance. ’ ’ Driscoll v. Gaffey, 207 Mass. 102, at 105.
It is therefore necessary to decide whether or not the trial judge was warranted in finding that there was an injury “from without”. It is admitted that the plaintiff’s daughter, in an emergency, gave the plaintiff a push in the side in pushing the plaintiff away. Although the plaintiff did not fall down, it was enough of a push to move the plaintiff and it was felt by her. At the same time, the daughter retained hold of the plaintiff. The trial judge could have found that the “push” in one direction was accompanied by a “yank” in the other as the plaintiff responded to the push and was then held back by her daughter’s hold on her arm. The plaintiff testified that she was sixty-five years of *389 age. A physical experience of the kind described could "be decidedly upsetting to a woman of that age.
The general finding imports, also, the drawing of all inferences in the plaintiff’s favor of which the evidence is susceptible. Royle v. Worchester Buick Co., 243 Mass. 143, at 145. Bratton v. Rudnick, 283 Mass. 556, at 558. J. W. Grady Co. v. Herrick, 288 Mass. 304, at 308. Dillon v. Framingham, 288 Mass. 511, at 513. The trial judge could have inferred that the plaintiff’s physical experience was the cause of her physical disability. It was not necessary that such a physical injury from without “should be indicated upon the surface of the body by a bruise or otherwise.” Driscoll v. Gaffey, 207 Mass. 102, at 105. Megathlin v. Boston Elevated Ry., 220 Mass. 558 at 559, 560.
“It is not necessary that there be any visible marks of injury in order that recovery may be had if in fact physical injuries result other than those produced by mere mental disturbances.” Freedman v. Eastern Massachusetts St. Ry. Co., Mass. Adv. Sh. (1938) 85, at 87.
The diagnosis of the doctor was that the plaintiff had received a nervous shock. This places the case at bar squarely with the facts in the case of Homans v. Boston Elevated Ry., 180 Mass. 456, in the opinion of which, at page 457, Holmes, C. J., said:
“The plaintiff was in one of the defendant’s cars and was thrown against a seat, receiving a slight blow in consequence of a collision for which the defendant was to blame. She afterwards had a good deal of suffering of a hysterical nature and the question before us on the exceptions concerns the role of liability for the nervous shock.”
The decision was that Spade v. Lynn & Boston Railroad, 168 Mass. 285, at 288 did not prevent recovery, and that it was not necessary to prove that the nervous shock was the consequence of the battery, if the battery and the shock came from the same cause, the defendant’s wrongful act.
*390 Here we have a negligent act, a battery, and a nervous shock, both the battery and the nervous shock caused by the same negligent act of the defendant. The fact that the defendant, or his car, did not actually strike the plaintiff is unimportant. Golden v. Carnevale, 273 Mass. 159, at 161. Minnehan v. Hiland, 278 Mass. 518, at 522, 523. Pendergast v. Long, 282 Mass. 200, at 204. All that was necessary to create liability on the part of the defendant, under the circumstances of this ease, was that the accident was the result of the negligence of the defendant. The general finding imported such a subsidiary finding.
As there was evidence warranting a finding for the plaintiff, the report is to be dismissed.