Rowe, J.
This is an action of tort for negligence, the first count being a claim for property damage and the second *346 count being a claim for injury to the plaintiff’s body and mind.
The report states that:
“There was evidence at the trial tending to show:— That the plaintiff was the owner and occupant of a certain dwelling on South Main Street in Randolph, Mass., on October 2, 1942, when the defendant so negligently operated an automobile as to cause it to leave said street and cross the plaintiff’s lawn and strike her said house with great force. At the time of the collison the plaintiff was in the bathroom of her said house. She heard a crash in the road and went to the bathroom window, which was almost directly above the part of the house where the impact of the defendant’s automobile occurred, and looked out; that she saw the defendant’s automobile heading in her direction across her lawn at a high rate of speed, and almost immediately it struck and entered the house directly below her, and the impact threw her back two or three feet. There was evidence that the plaintiff screamed and was made immediately nervous and hysterical, rendering her unable to sleep nights and necessitating the ministration of a physician, also, that from the time of the accident until and including the day of the trial that the nerves of the plaintiff were unstable as a result of the shock. There was evidence that the damage done to the house necessitated-the hiring of a contractor to make repairs, and it was agreed the value of such work was four hundred seventy-eight dollars ($478.-00). There was evidence introduced of the value of the personal property broken and damaged. There was evidence by her attending physician,. who attended her, and by the plaintiff herself, that she suffered no physical injuries other than the nervous shock and hysteria complained of.”
*347 The trial judge granted the following material requests for rulings, which were filed by the defendant.
“1. There can be no recovery for fright, terror, alarm, anxiety or distress of mind if these are unaccompanied by some physical injury.
“3. The evidence warrants the finding that there was no physical injury from without accompanying mental disturbance.
“4. The evidence warrants a finding that there can be no recovery on count two of the plaintiff’s declaration.”
The court found for the plaintiff on the first count for property damage and for the defendant on the second count for personal injury, with the following special finding: “I find the plaintiff is not entitled to recover under count two because she received no physician injury.”
The plaintiff claims to be aggrieved by the allowance of these requests “and the finding that the plaintiff was not entitled to recover under count two because she received no physical injury. ’ ’ In other words, she maintains that upon the above evidence she was entitled to a favorable finding as a matter of law.
The question is as to whether the case at bar can be said to come within the doctrine of Spade v. Lynn & Boston Railroad, 168 Mass. 285, to the effect that there can be no recovery for mental disturbance if unaccompanied by some physical injury. If there was physical injury from without, there are several cases where the plaintiff has been allowed to recover. Freedman v. Eastern Mass. St. Ry., 299 Mass. 246, cases collected in a note on page 249.
In Homans v. Boston Elevated Railway, 180 Mass. 456, 458, it is stated that “when there has been a battery and the nervous shock results from the same wrongful management as the battery, it is at best equally impracticable to go further and inquire whether the shock comes through the battery, or along "with it. Even were it otherwise *348 recognizing as we must the logic in favor of the plaintiff is denied because the only immediate wrong was a shock to the nerves, we think that when the reality of the cause is guaranteed by proof of a substantial battery of the person, there is no occasion to press further the exception to the general rules.”
In Kisiel v. Holyoke St. Ry., 240 Mass. 29 it was held that there could not be recovery in case of mental disturbance only, but could be if there was physical injury. The defense requested a ruling that “the plaintiff cannot recover for any injuries caused by fright unless at the time of the occurrence of the fright there was a substantial battery to her person.” The trial judge refused to give this request but in his charge he said P. 35 in summarizing the law, “that for fright alone the woman cannot recover unless that fright be accompanied with physical injury, and if you should find the fact that she was thrown over against her neighbor one way or the other, or both, and suffered enough of a shock from the bump of the cars that she was caused to drop the packages that she had into her lap-, you may find that that in itself was a physicial injury, and that is sufficient to lay a basis for the fright, the nervous disturbance which followed.” The court held that the instructions were not open to objections made.
The instructions in that case left it as-a question of fact as to whether the battery caused physical injury. The court said on the facts that “it could not be said as matter of law that the plaintiff’s condition was due solely to fright and was not caused by physical injury from without; such injury may be internal. ’ ’
For a plaintiff to recover, the physical injury claimed should be at least appreciable. Driscoll v. Gaffey, 207 Mass. 102, 107.
*349 In the ease at bar, there was evidence that the plaintiff went to the window and looked out, and altho the report shows that the impact of the automobile against the house threw her back two or three feet it is not shown that the plaintiff was in a position other than on her feet, either before, at, or immediately following the accident. By inferring that the cause was not guaranteed by a battery of substantial nature and there being no appreciable physical injury even if the battery was slight, the trial judge would be justified in treating the case as coming within the doctrine of Spade v. Lynn & Boston Railroad, 168 Mass. 285 and making a general finding for the defendant on count two of the declaration.
Report dismissed.