GILLEN, J.
This is a suit upon a promissory-note made by the defendant payable to the order of the plaintiff, in which the plaintiff seeks to recover $450.00 alleged to be the balance due upon said note. The defendant’s answer set up a general denial, payment and accord and satisfaction.
At the trial there was evidence that the defendant executed the note on June 6, 1950, payable to the plaintiff in the sum of $3,350.00 in consideration of the good will, records, accounts receivable, fixtures, insurance policy and other chattels of the Bailey Placement Service; that the defendant made payments, totaling $2,900.00 on said note; that on August 9, 1950, when the balance was $1,600.00 a demand was made for payment in full; that on that day the defendant delivered to the attorney for the plaintiff a check in the amount of $1,150.00 marked “payment in full for Bailey Placement Service”; that the defendant endorsed said check; that the defendant stated that was all he owed on the note and that was all he was going to pay; that the defendant demanded1 the return of the note and the attorney for the plaintiff responded that he would not surrender it as it was not paid in full; that he would credit the amount to the defendant’s account; that he had no authority to surrender the note unless payment was made on the full amount due thereon; that at this time the defendant raised no question as to the value of the accounts receivable; that the plaintiff did not enter into any compromise agreement with the defendant *[93] after the date of the execution of the note concerning the amount due thereon.
At the close of the trial and before final arguments the defendant made the following requests for rulings ; the action of the trial judge thereon is set forth.
1. The evidence does not warrant a finding for the plaintiff. Denied.
2. As matter of law the evidence requires a finding for the defendant. Denied.
3. As matter of law the acceptance by the plaintiff of the defendant’s check dated August 9, 1950, for $1,150.00 marked “Payment in full for Bailey Placement Service ...” is a bar to the plaintiff’s recovery in this action.
Denied, for I find that there was no dispute as to the amount due from the defendant to the plaintiff and I find no agreement by the plaintiff to forego his claim for the unpaid balance of the note in question by the acceptance of the plaintiff’s check for a lesser sum.
4. If the defendant in good faith offered the plaintiff a check for $1,150.00 marked “Payment in full ...” in settlement of a disputed claim and if the plaintiff accepted and deposited the check there was an accord and satisfaction and the plaintiff is barred from recovery in this action.
Denied, as I do not find the facts assumed for I find that there was no dispute as to the amount due from the defendant to the plaintiff at the time of acceptance of the check in question.
5. If the plaintiff and the defendant were in dispute as to the amount of the plaintiff’s claim and the plaintiff accepted and deposited defendant’s check for $1,150.00 marked “Payment in full” then such acceptance by the plaintiff extinguished his claim against the defendant.
Denied, for I do not find that there was any dispute between the parties as to the amount on the note in question.
6. The evidence warrants a finding that the defendant has sustained the burden of proving that *[94] the plaintiff’s claim has been extinguished. Granted, warrants but does not require.
7. The evidence warrants a finding that the condition imposed by the defendant upon the plaintiff’s acceptance of the check for $1,150.00 was a valid condition which the defendant had. a right to impose. Granted, warrants but does not require.
8. The evidence warants a finding that before issuing his check for $1,150.00 and marking it in “full payment” the defendant asserted that his actual and real liability to the plaintiff was less than $1,150.00. Granted, warrants but does not require.
The defendant claims to be aggrieved by the refusal to grant requests for rulings of law Nos. 1, 2, 3, 4 and 5.
A review of the evidence in the aspect most favorable- to the plaintiff, Dillon v. Framingham, 288 Mass. 511, indicates that the trial judge was warranted in finding that when the defendant presented the check for $1,150.00 to the attorney for the plaintiff he was informed that the note would not be turned over to him until payment was made in full and that if the defendant was disputing the amount due at the inception of this conference his action in permitting the attorney for the plaintiff to keep the checks after his refusal to turn the note over to the defendant, unless he received payment in full, was tantamount to a waiver on the part of the defendant of his original contention that all he owed was $1,150.00. The sequence of events at this conference in light of the evidence warranted the conclusion reached by the trial judge “that there was no dispute as to the amount due from the defendant to the plaintiff at the time of the acceptance of the check-in question.” This conclusion is confirmed by the additional evidence that at the said conference between the attorney for the plaintiff and the defendant the latter raised no question then as to the value of the accounts receivable. Further, there was evidence that the plaintiff contended that at no time did he enter into any compromise agreement with the defendant concerning the amount due on the note.
Upon all this evidence the finding of the trial judge was also warranted, viz; “I find no agreement *[95] by the plaintiff to forego his claim for the unpaid balance of the note in question by the acceptance of the plaintiff’s check for a lesser sum.”
James B. Marcus, Atty for Plff.
Steinberg & McNiff, Attys. for Deft.
The burden was on the defendant to make out the defense of accord and satisfaction. It is the general rule that the question whether there is an accord and satisfaction is one of fact. Champlin v. Jackson, 313 Mass. 487 at 489. As there was evidence to warrant the conclusion of the trial judge that there was no agreement of accord and satisfaction and that the plaintiff did not agree to forego the balance of his claim when he accepted the partial payment, the condition that the defendant sought to impose, viz; “payment in full” was void and the plaintiff could take the payment free of the void condition. Whittaker Chain Tread Co. v. Standard Auto Supply Co., 216 Mass. 204. The contention as set forth in request No. 3 — that a debtor may impose a condition upon a partial payment made by him and that acceptance by the creditor discharges the balance, was an incorrect statement of the law and did not have to be given. Requests Nos. 4 and 5 assumed facts which were not found by the trial judge and did not have to be given. They were both premised on the fact that at the time of the acceptance of the check the amount due was in dispute. Dillon v. Framingham, 288 Mass. 511 at 514. Requests 1 and 2 that the evidence did not warrant a plaintiff finding and that it required a defendant finding were properly denied.
There was ample evidence that the defendant executed the note and that on August 9, 1950, when the defendant delivered to the plaintiff’s attorney a check in the amount of $1,150.00 he was informed that this payment would be credited to the account of the defendant but the note would not be surrendered until payment was made in full. Under these circumstances the denial of requests Nos. 1 and 2 was the proper disposition as the trial judge found for the plaintiff.
We find no error; the order is

Report dismissed.