No. 428703

**FREDERICK C. HAILER, JR.**
**v.**
**ROCCO TENAGLIA**

(October 4 — November 4, 1957)

*Present:* GILLEN, J., (PRESIDING), LEWITON AND ROBERTS, JJ.

Case tried to TOMASELLO, J., in the Municipal Court of the City of Boston.

*Gillen, J.* This is an action of contract to recover broker's commission; it is premised on the following agreement:

"For and in consideration of your agreement to forego your commission on the below described land in order to reduce the purchase price to us, and also in consideration of your promise and efforts to find a buyer for the same, we, Mary J. Smith, Rocco Tenaglia and John C. Flibotte grant to you the exclusive right to sell or to contract to sell said real estate, and for your services we hereby agree to pay you the rate of commission herein stated, upon any sale or contract for the sale of said real estate whether such sale be made by yourself, by ourselves, or by any one of us, or any other person or persons, or whether at the price and upon the terms stated herein, or at a different price or upon any other terms, provided such different price or other terms shall first be accepted by the seller.

"The real estate consists of the following parcels of land which are shown on a 'Plan of Land in West Roxbury, dated May 12, 1947, E. Corano, C. E., compiled,' recorded at the end of Book 6145, Suffolk Registry of Deeds and shown as Lots A, B, C, D, E, F, G, H, I.

"A commission of $500.00 on the sale of any house built on the aforesaid lots will be paid to

Hailer and Davenport Real Estate. Asking price for said houses will be $12,500.00.

(Signed) John Flibotte
(Signed) Mary J. Smith
(Signed) R. Tenaglia"

In Count 1 of the declaration the plaintiff claims the defendant owes him $500.00. In Count 2 of the declaration the plaintiff claims the defendant owes him for the fair value of the services rendered to said plaintiff. Both counts of the declaration set forth that the sale of Lot "H" and the house is the transaction that earned the commission. However, there is no evidence in the report that any services were rendered in the sale of a house on Lot "H".

Both sides agreed in the argument before this division that there was pertinent evidence introduced at the trial that is not contained in the report, notwithstanding the fact that the report sets forth that all the evidence material to the questions reported is contained therein.

The trial judge found for the plaintiff on count 2 in the amount of $200.00 and for the defendant on count 1.

We think there should be a new trial here. In *Dillon v. Framingham*, 288 Mass. 511, the court said, "a report ought to state with conciseness and clarity points of law actually raised with sufficient evidence to enable the appellate court to decide with understanding whether the substantial rights of the parties have been injuriously affected in the light of the issues and course of the trial."

Paucity of evidence in a report as to what went on at a trial can be as confusing as immaterial and unnecessary matter.

The order is: *New trial ordered.*

Herbert S. O'Neil, for the plaintiff.
Robert I. Ectman, for the defendant.