*Northern District*
No. 5956
**MITCHELL, et al**
v.
**PACHER, et al**
Filed November 17, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried before *Troy, J.* in the Municipal Court of Dorchester District. No. R-917.

*Brooks, P. J.* This is an action of tort for personal injuries and property damage. The answer is general denial and contributory negligence.

*Evidence most favorable to plaintiff tended to show the following*: Plaintiff Mitchell was operator of a taxicab owned by plaintiff

Michael's Cab, Inc. This cab was transporting passengers from downtown Boston to the Park Square entrance of Hotel Statler in Boston.

Close by this same entrance was a taxicab operated by defendant Pacher an employee of defendant Town Taxi, acting within the scope of his authority. The Town Taxi had been double parked for about 30 seconds in the process of discharging passengers,— other cars being parked at the curb, when plaintiff's cab came by at a speed of ten miles per hour to the right of defendant's cab. As the moving cab passed the stationary cab, a passenger in defendant's cab opened the right front door in order to alight. This door came in contact with the left rear fender of plaintiff's moving cab causing injury to plaintiff operator and damage to his cab.

At the trial defendant filed four requests for rulings as follows:

1. As a matter of law, all of the evidence, being considered in a light most favorable to the plaintiffs, a judgment cannot be found for the plaintiffs.

2. As a matter of law, all the evidence being considered in a light most favorable to the plaintiffs, a judgment must be found for the defendants.

3. The plaintiffs did not sustain their burden of proof, but failed to present a prima facie case against the defendants.

4. The plaintiffs did not sustain their burden of proof, but failed to prove any negligence

on the part of the defendants, their agents, servants, or employees.

The trial judge denied all four requests and *found for plaintiff without stating any additional facts.*

The fundamental issue here is whether the foregoing facts supply a sufficient basis for a finding in favor of plaintiff. We think that they do not. While no question is raised as to the due care of plaintiff Mitchell, there is no evidence of negligence on the part of defendant Pacher,—consequently none can be attributed to the defendant Town Taxi.

■ It is not negligence *per se* for a cab driver to discharge a passenger elsewhere than at the curb. There is no evidence of any prohibition against double parking.

■ There is no duty on a taxi driver to caution his passengers against obvious dangers. *Oddy v. West End St. Ry.*, 178 Mass. 341, 349. In that case plaintiff stepped off a street car and was hit by a passing vehicle. The court said:

"Street car companies carrying passengers in ordinary public streets or highways are not negligent in not providing means for warning passengers about to leave a car of the danger of colliding with or being run over by other vehicles in the street. The risk of being hurt by such vehicles is the risk of the passenger and not of the carrier. It is not a danger against which the carrier is bound to protect the passenger or give him warning."

Again in *Tefft v. Boston El. Ry.*, 285 Mass.

121, 124 a case where plaintiff got off a street car at night one-hundred feet beyond the requested stop and fell because the step-down was abnormally high, the court said:

> "ordinarily it is not the duty of the motorman or other servants of a carrier to assist passengers to alight when as here, no request for aid is made and the necessity thereof is not apparent."

Other cases relating to this and analogous situations are: *Intriligator v. Goldberg,* 209 Mass. 333, 335 (Taxi cab door was shut on plaintiff's hand); *Gatchell v. Boston El. Ry.,* 238 Mass. 185 (Plaintiff was alighting from a street car holding a child in her arms); *Fournier v. Central Taxi Cab, Inc.,* 331 Mass. 248 (Taxi cab door closed on hand of blind passenger); *Langton v. Mason,* 345 Mass. 764 (Plaintiff alighted from taxi cab, fell into a snow bank). In the last case the court commented that plaintiff was just as much aware of the weather conditions as was the operator. See also *Lewis v. Green Taxi Service, Inc.,* App. Div. No. District #5945.

The passenger in the present case was acting on his own when he opened the door. It was his responsibility to look out for approaching vehicles. He was apparently negligent, but he was in no sense an agent of the owner of the taxi, nor was his negligence imputable either to the cab operator or the owner.

Two subsidiary questions arise: *First,* whether by reason of the nature of the requests for rulings the judge is relieved of

the obligation to pass on them and consequently can properly deny them. *Second,* whether by reason of the nature of the requests this court is precluded from reviewing the case.

██ The first two requests are in effect that "on all the evidence" plaintiff cannot recover under Rule 27 of the Rules of the District Court. The trial judge was within his rights in denying these requests. See also *Barsky v. Hanson,* 311 Mass. 14, 16.

██ The other two requests are of different nature. Their denial without explanation leaves doubt as to the basis of the judge's decision. This denial involved a ruling as a matter of law that there was no evidence to warrant recovery by plaintiff. The denial of these rulings was error. *Bresnick v. Heath,* 292 Mass. 293, 298. As was said by the court in that case wherein the correctness of the denial of plaintiff's requests was at issue:

> "The plaintiff was seeking a ruling that there was evidence sufficient to justify a finding in his favor. He was entitled to that ruling or to a statement of findings of fact showing that the requested ruling had become irrelevant. *John Hetherington & Sons Ltd. v. William Firth Co.,* 210 Mass. 8, 18, 19. A finding on the facts in favor of the defendant was supportable on the evidence. *Dillon v. Framingham,* 288 Mass. 511, 513, 514. But the record does not show that the ultimate decision may not have been due to the erroneous view of law of the trial judge expressed by his denial of request 7. That is an error which

this court cannot correct except by reversing the decision."

See also *Belger v. Arnot,* 344 Mass. 679, 680.

The reason for the above doctrine is set forth at length by Rugg, C. J. in a leading case of *John Hetherington & Sons Ltd. v. William Firth Co.,* 210 Mass. 8. After stating the general rule and what it does not cover, the Chief Justice goes on as follows:

"But it does require him [the judge] when reviewing a request founded upon evidence to state expressly or by fair inference either that the legal proposition presented is unsound or inapplicable or that the facts upon which it is predicted are not found to be true. Failure in this regard affords reasonable apprehension that there has been a miscarriage of justice."

In any event this court, possessing all the powers in civil cases given to the Supreme Judicial Court under G. L. c. 231, §§110, 124. (See also *O'Brien v. O'Brien,* 325 Mass. 573, 570.) is not precluded from passing on the fundamental issue whether or not defendant was negligent. The trial judge made no specific finding in this respect. We fail to find negligence on the part of defendant. The finding for plaintiff is, therefore, vacated and a finding ordered for defendant.

Lewis L. Chandler and Paul Gollub, of Cambridge, for the Plaintiff.

John T. Donahue and Frank J. Mazzio, of Boston, for the Defendant.