Ann B. PROULX
vs.
ST. ANNE'S CREDIT UNION
of FALL RIVER, MASS.

No. 258

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

January 22, 1981

**Frederic J. Torphy** for the plaintiff.
**Thomas T. Brady** for the defendant.

Present: Lee, P.J., Rider, J., Staff, J.

## OPINION

**STAFF, J.** This is an action in which the plaintiff alleges that she is entitled, as surviving joint owner, to the proceeds of a joint share account held between her and her late father, Frank Camuso.

Defendant by its answer denies the claim and alleges that the shares in the account demanded by the plaintiff had been pledged by the decedent prior to death.

The court found for the plaintiff and assessed damages in the sum of $2,657.19.

The reported evidence indicates that the plaintiff and her father, Frank Camuso, opened a joint savings account in 1968 with the defendant. In 1977 Frank Camuso became a co-maker on a note and pledged his "shares and/or deposits which we have in the credit union" as security for the repayment of the loan evidenced by the note.

The note became delinquent and was in default when Frank Camuso died. The plaintiff requested the funds in the joint savings account and the defendant notified her that it was deducting the amount of the delinquent loan from the joint savings account.

The findings and requests for rulings

properly raise the issue as to whether or not under the circumstances stated, the defendant as a pledgee is entitled to exercise its right to offset the pledge in its possession against the debt after the death of Frank Camuso.

We find prejudicial error.

Without doubt either Frank Camuso or the defendant had a right to withdraw, assign, pledge or transfer all or any part of the account. See, G.L. c. 167, § 14; G.L. c. 171, § 10 (last paragraph). Furthermore, the terms of the joint account agreement signed by both permitted a joint owner to pledge the entire account.

The evidence is undisputed that the promissory note signed by Frank Camuso by its terms effectively pledged the money in the joint account as security for the loan.

"A pledge is a contract for the delivery of personalty to be retained by the pledgee as security for the performance of some obligation due from the pledgor, title remaining in him and possession only passing to the pledge." 72 C.J.S., Pledge, § 2.

Of course possession is essential to the validity of a pledge, though delivery may be dispensed with when the pledged items are either already in the hands of the pledgee or where actual physical delivery is impracticable. See, Jewett v. Warren, 12 Mass. 300 (1815).

In this case the account was in the hands of the defendant so that delivery was not required.

The general rules of construction of contracts apply in construing a contract of pledge. Accordingly, the rights and liabilities of the parties are, if possible, to be construed and enforced according to the intentions of the parties. Where the intention is clear and not in contravention of any rule of law, it should be carried out irrespective of technical rules of construction. See 72 C.J.S., Pledge, § 21.

"On the death of the pledgor the property remains as it was when pledged; it belongs to his estate, encumbered, however, with the charge put on it by decedent for the payment of his debt." See, C.J.S., Pledge, § 23; City Bank Farmer's Trust Co. v. Bowers, 2 F. Supp. 883, 885 (D.N.Y. 1932), reversed on other grounds, 68 F.2d 909 (2d Cir.), cert. denied, 292 U.S. 644.

We see no important difference between the proposition just cited and the facts in this case.

The pledge was expressly authorized. The defendant on the basis of this and the promise of the decedent loaned its funds. In our view the defendant is entitled to apply the property which it held to satisfy the obligation.

Accordingly, since the facts are uncontraverted and are dispositive of the case we reverse and order that judgment enter for the defendant. Mitchell v. Pacher, 30 Mass. App. Dec. 31 (1964).

Lee, P.J.
Rider, J.
Staff, J.