Staff, J.
This is an action in contract in which the plaintiff, Walter Salamon, was awarded a judgment of Fifteen Thousand ($15,000.00) Dollars for the partial construction of two buildings on land which plaintiff had under a sales agreement with defendant. We reverse.
The reported facts show that the terms of the sales agreement provided that the plaintiff-buyer was to take possession of two lots belonging to the defendant-owner and with leave of the defendant-owner was to construct two houses on them. The plaintiff partially completed the two houses but was unable to obtain financing to complete them nor was he able to find a purchaser for the partially completed houses. The plaintiff-buyer anticipated completing the homes, selling them to third parties, and then paying the defendant-owner from the proceeds of these sales. Although the sales agreement was extended several months, due to generally poor economic conditions the plaintiff was unable to pay for the lots.
At all times, the defendant was ready to perform the contracts. The trial judge found no fraud on the part of the defendant not did he find any express or implied promise in fact on the part of the defendant to pay plaintiff for partially completed houses, should plaintiff be unable to perform.
The award was made on the basis of a contract implied in law or quasi-contract.[1]
A quasi-contract is an obligation that is created by the law “for reasons of justice, without any expression of assent and sometimes against a clear expression of dissent.” “.. . Considerations of equity and morality play a large part... in constructing a quasi-contract. . .. CORBIN ON CONTRACTS (1963), Vol. 1, § 19.
*194 As Kaufman in his 1984 supplement to CORBIN ON CONTRACTS, § 19A points out, in a quasi-contract case there usually is found a benefit to the defendant, a detriment to the plaintiff, and something more. That something more was said by many commentators to be unjust enrichment. United States Controls Corp. v. Windle, 509 F.2d 909, 911-912 (7th Cir. 1975), cited by Kaufman, supra. Continuing the analysis, and demonstrating that the unjust enrichment theory does not adequately explain the results in many cases, Kaufman suggests that the essence of all quasi-contract recovery is unjust detriment.
In this case, the defendant may have been enriched and the plaintiff certainly suffered a detriment, but we find nothing in the reported facts to warrant a conclusion that the result was unjust.
The “reasonable expectation theory,” the modern theory which is said to unify contract and quasi-contract, protects in quasi-contract cases reasonable expectations induced by circumstances other than those induced by promises. The injustice of the enrichment or detriment in quasi-contract equates with the defeat of someone’s reasonable expectations. See Kaufman, supra.
We see no basis in a finding that the plaintiff reasonably expected that the defendant would pay for partially completed houses should the plaintiff be unable to perform. The elements of a quasi-contract were nor made out here.
The facts in this case are not unlike the facts in Glovsky v. Holly Estates, Inc., 354 Mass. 94 (1963). In that case, anticipating a written contract for the purchase of a real estate subdivision, the plaintiff, with the permission and knowledge of the defendant, constructed a model home on one of the lots in the subdivison. Probably because of difficulties in arranging financing, the proposed agreement was never signed, and defendant refused to convey the single lot upon which the model home was constructed. The Supreme Judicial Court held that plaintiff was not entitled to the cost of the removal of the model saying at p. 98 “. . . plaintiff undertook its construction as a gratuitous step in aid of his own objectives and at his own risk.”
The plaintiffs non-performance in this case, although perhaps not voluntary on his part, is not excusable because he was unable to obtain funds to complete the houses. Even had he completed the houses it does not necessarily follow that he would have sold them. The plaintiff entered into a commercial spec ulative scheme whereby he was given the opportunity to build two houses on land which was not his. It is a fact of the business world that speculation may result in loss as well as gain and the plaintiff must suffer the consequence of his inability to anticipate an economic downswing.
We conclude that the court may not rewrite the contract entered into voluntarily by the parties, so as to create additional obligations on the part of the defendant when the plaintiff is unable to perform. See Judicial Revision of Frustrated Contracts: The United States, 64 B.U.L. Rev. 1 (1984).
Judgment is to enter for defendant. Mitchell v. Patcher, 30 Mass. App. Dec. 31 (1964).

The term “quasi-eontract" seems to be preferred to “contract implied in law” - see CORBIN ON CONTRACTS, § 19 (1963).