MARY JOAN WHEELER *vs.* JOSEPH BALESTRI.

Hampden.    September 21, 1939. — October 30, 1939.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Sale,* Warranty, Of food.   *Damages,* For breach of contract.

Physical illness resulting solely from psychological and emotional dis-
turbances caused to a purchaser of bread by the sight of a cockroach
in a piece she was about to eat was not an element of damages to be
recovered in an action of contract for breach of warranty of fitness
of the bread for food.

Where, in an action of contract for breach of warranty in a sale, the
breach was established but there was no evidence of substantial dam-
age, there should be judgment for the plaintiff for nominal damages.

CONTRACT.   Writ in the District Court of Springfield
dated December 27, 1938.

The case was heard by *Davis,* J., and in this court was
submitted on briefs.

*L. C. Henin,* for the plaintiff.

*M. J. Aldrich* & *E. B. Cass,* for the defendant.

DOLAN, J.   This is an action of contract to recover dam-
ages for a breach of an implied warranty.   The judge found
for the plaintiff and assessed damages in the sum of $125.
The case now comes before us on the plaintiff's appeal from
the order of the Appellate Division that judgment be entered
for the defendant.

There was evidence that on December 3, 1938, the plain-
tiff, a married woman, residing with her husband, purchased
a loaf of sliced bread at the defendant's market.   The follow-
ing day she removed the wrapper and took two slices of the
bread and placed them on the table in preparation for dinner.
She started to eat her dinner, took one of the pieces of bread,
and broke it into two pieces.   She ate one of these pieces
and was about to eat the other piece when she noticed for
the first time a dead cockroach "near" the upper crust of
the bread.   She did not eat any part of the piece of bread

that contained the dead cockroach. Upon seeing it she became ill and vomited. The next day she called a doctor who treated her for about a week "for an upset stomach and nervousness." She continued to be ill and upset "every time she thought about the cockroach . . . she thought that if she had eaten the cockroach it might have poisoned her . . . she had never seen any cockroaches in her home." The doctor who treated her was of opinion that an ordinary person might be made ill "by viewing such an insect under the [foregoing] circumstances." At the time of the trial the plaintiff "viewed and pointed out the dead cockroach" but exhibited no signs of nervousness or illness as a result of seeing it at that time. It "was agreed . . . that due and proper notice was given."

At the close of the trial the defendant presented seven requests for rulings, all of which were refused, the judge stating that he "had found to the contrary." He made the following "special finding of fact": "The court specially finds that a loaf of sliced bread containing a dead cockroach embedded in one of the slices was purchased by the plaintiff of the defendant; that the plaintiff, while having her dinner, ate half of this slice of bread and was about to eat the other half when she saw the remains of the cockroach; that she became mentally disturbed and made sick; that she vomited and remained in this condition for about a week after the onset of her illness, losing about ten pounds in weight; that the bread, when delivered to the plaintiff, was not reasonably fit to be eaten by her; that the unrefuted medical testimony showed that the plaintiff was not peculiarly susceptible, that an average person might be similarly affected, and that the plaintiff's experience was an adequate cause of her illness; and that her illness was the result of a breach of the implied warranty of the fitness of the bread for human consumption." The sixth request follows: "Even though there was a breach of an implied warranty on the part of the defendant, the plaintiff cannot recover for any physical injury she sustained caused solely by her mental disturbance upon seeing a 'cockroach' contained in the bread sold by the defendant."

We are of opinion that the judge erred in denying this request. It is established, except in certain classes of cases (*Spade* v. *Lynn & Boston Railroad*, 168 Mass. 285, 290) of which this is not one, that there can be no recovery for physical injuries resulting solely from mental and emotional disturbances. *Freedman* v. *Eastern Massachusetts Street Railway*, 299 Mass. 246, and cases cited. While in most instances this principle has been stated in actions of tort we think that it is applicable as well to actions of contract, where recovery is sought for physical injuries. In *Stratton* v. *Posse Normal School of Gymnastics*, 265 Mass. 223, where recovery was denied for the humiliation suffered by the plaintiff as a result of the defendant's breach of contract to admit her to the school, at pages 225–226 the court said: "Anxiety of mind and disappointment which may be suffered when a contract is broken are not elements of damage to be recovered in an action of contract." We see no reason where the claim is for physical injuries why the rule of damages should be different from that in actions of tort. We are also of opinion that the evidence and the particular facts found by the judge do not warrant a conclusion that the physical injuries complained of by the plaintiff were other than the consequences of psychological and emotional disturbances for which she cannot recover.

We are of opinion, however, that the Appellate Division erred in ordering judgment for the defendant. There were findings warranted by the evidence of an implied warranty of the fitness of the bread for food under G. L. (Ter. Ed.) c. 106, § 17 (1), and of a breach of that warranty, *Holt* v. *Mann*, 294 Mass. 21, and cases cited, for which the plaintiff is entitled to recover damages to be measured by the "loss directly and naturally resulting . . . [therefrom] in the ordinary course of events . . . ." G. L. (Ter. Ed.) c. 106, § 58 (6). Upon the facts disclosed by the record, the plaintiff is entitled to recover nominal damages.

The order of the Appellate Division that judgment be entered for the defendant is reversed, and instead judgment is to be entered for the plaintiff for nominal damages.

*So ordered.*