HARRIET F. KENNEDY *vs.* BROCKELMAN BROTHERS, INC.

Essex.  May 9, 1956. — May 31, 1956.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Sale*, Warranty, Sale of food, Parties.  *Food.*  *Damages*, For breach of contract, For breach of warranty.

In an action of contract by a married woman for breach of implied warranty respecting a can of corn bought by her at the defendant's store for family use, evidence presenting an issue of fact whether the plaintiff or her husband was the purchaser required the judge to instruct the jury, as requested by the defendant, that if they found that the husband was the purchaser the plaintiff as matter of law could not recover.  [227]

In an action by a woman against the proprietor of a store for breach of implied warranty in the sale of a can of corn, certain evidence respecting illness of the plaintiff after she had spit out half of a worm present in the corn when she ate it and had swallowed the other half of the worm required the judge to instruct the jury, as requested by the defendant, that the plaintiff could not recover for "physical injury" due solely to "mental disturbance" on her part brought about by the worm.  [227]

CONTRACT.  Writ in the District Court of Lawrence dated May 7, 1951.

Upon removal to the Superior Court, the action was tried before *Swift*, J.

*Paul V. Power*, for the defendant.

No argument nor brief for the plaintiff.

WILKINS, J.   This is an action of contract for breach of an implied warranty of merchantability and fitness of a can of corn purchased at the defendant's store.   G. L. (Ter. Ed.) c. 106, § 17 (1).   The jury found for the plaintiff in the sum of $300.   The defendant's exceptions are to the denial of requests for instructions and to the charge.

The plaintiff, so far as the record shows, was the only witness to testify on her own behalf.   Her testimony we summarize.   In September, 1950, she was the wife of Daniel Kennedy and was employed in a store in Lawrence.   On the Friday before Labor Day, 1950, she purchased at the defendant's store two cans of corn for twenty-five cents. She took the corn home and prepared it for supper by emptying and heating the contents.   Later, upon eating the corn, she "felt something in her mouth that wasn't exactly like corn and spitting it out found half a worm and swallowed the other half."   She "became immediately sick," and for three days was ill with an upset stomach and nausea. On Saturday morning she consumed coffee and toast, and began to feel ill as a result of her stomach being upset.   Her husband was not affected by the corn consumed by him, but "she was made ill by the half of a worm that she ate." She did not become ill immediately upon expectorating part of the worm but did become so within fifteen minutes.   She went alone to the store for the corn.   Her husband had gone with her sometimes.   She did not always purchase groceries with money provided by him, and on this occasion used her own money.

The plaintiff introduced in evidence a letter from her attorney to the defendant, the first sentence of which was, "This is to notify you that on September 1, 1950, my client, Mr. Daniel Kennedy, purchased at your store" some cans of corn.

A medical expert in digestive diseases, called on behalf of the defendant, testified that it was improbable that any symptoms would come from human consumption of worms such as corn borers; that he had never known the symptoms the plaintiff described to be so caused; that in any

event the corn borer would have to be present in the stomach sufficiently long to produce evidences of inflammation, changes in the motility of the stomach, and then vomiting, and the required time would be more than fifteen minutes; that he had observed cases of digestive upset resulting solely from mental disturbance and anxiety; and that if the plaintiff became ill upon consuming toast and coffee the following morning, this could have been characteristic of a digestive upset resulting from the physical action of the foreign substance on her internal organs.

The defendant's first request was, "If you find that the plaintiff's husband was the purchaser of the can of corn alleged to have contained a worm, as a matter of law the plaintiff is not entitled to recover." This request should have been granted. An action for breach of warranty can be brought only by the one to whom the warranty was given. *Pearl* v. *Wm. Filene's Sons Co.* 317 Mass. 529, 530–531. There was a question of fact, particularly in view of the letter stating that the plaintiff's husband was the purchaser, whether the husband or the wife bought the corn. *Groce* v. *First National Stores Inc.* 268 Mass. 210, 213. *Cleary* v. *First National Stores Inc.* 291 Mass. 172, 175. *Timmins* v. *F. N. Joslin Co.* 303 Mass. 540, 542. *Colby* v. *First National Stores Inc.* 307 Mass. 252, 254.

The defendant's fourth request was, "Even though you find that there was a breach of an implied warranty on the part of the defendant, the plaintiff cannot recover for any physical injury she sustained solely by her mental disturbance upon seeing a worm contained in the corn sold by the defendant." This request also should have been granted. On the evidence, there was an issue of fact to which it was pertinent. In *Wheeler* v. *Balestri,* 304 Mass. 257, 258–259, the denial of a substantially similar request was held to have been error.

It is not necessary to consider any exception to the charge.

*Exceptions sustained.*