*Municipal Court of the City of Boston*

No. 140284

### HELEN McCAREY

**v.**

### STOP & SHOP, INC.

Argued:—Oct. 28, 1966 Decided:—Nov. 16,1966

*Present:* ADLOW, C.J., GLYNN, CANAVAN, J.J.

Case tried in the Municipal Court of the City of Boston

ADLOW, C.J. Action of contract or tort to

recover for injuries resulting from the presence of a foreign substance in a can of spinach sold by the defendant to the plaintiff. There was evidence tending to show that on the 15th day of December, 1964 the plaintiff purchased two cans of spinach from the defendant. While the cans were being heated she ate two forkfuls directly from one of the cans and was in the process of eating a third forkful and ''had swallowed half thereof when she tasted something 'strange' and immediately spat out the remains of the third forkful into her hand and placed them in a piece of aluminum foil.'' The portion of the third forkful which was in the aluminum foil contained a ''black bug, all broken up'' measuring about one-half inch. She examined the spinach remaining in the pan and saw another bug, black in color, similar to, but larger than, that which she had seen in the aluminum foil. This bug was not broken up and measured about one inch.

There was evidence that the plaintiff at this point became violently sick, vomited and was very nervous; that she immediately thereafter went to the defendant's store from which she had purchased the spinach and after talking with the cashier was directed to the store manager to whom she reported the incident; that she showed him the remaining half of the third forkful in the tin foil containing the remnants of a bug and the balance of the spinach in the pan containing the second bug. There was fur-

ther evidence tending to show that while at the store she vomited several times into a man's handkerchief; that the defendant's manager called a doctor who prescribed medicine and gave her a pill to "kill the pain". There was other evidence bearing on subsequent illness of the plaintiff covering a period of 12 days. The only testimony in the case came from the plaintiff. The defendant offered no evidence.

On these facts the court found for the plaintiff.

The court properly refused to rule as requested by the defendant that

> (1) The evidence does not warrant a finding that the defendant broke any warranty, express or implied, given by it to the plaintiff.

> (2) The evidence does not warrant a finding that the plaintiff gave timely notice of her injuries to the defendant. However, the court refused to rule as requested by the defendant that

> (3) The evidence does not warrant a finding that the plaintiff suffered anything other than psychic illness.

> (4) The plaintiff can recover only nominal damages as a result of any technical breach of warranty or negligence on the part of the defendant.

In determining the propriety of these rulings we must keep in mind that the term "psychic illness" is used in the sense of fright

or emotional disturbance. In other words, the defendant's request virtually called upon the court to rule that the facts in issue came within that category of cases in which the plaintiff damages resulted from nervous shock alone. In denying the ruling the court in effect ruled that there was evidence in the report which warranted a finding that the injury of the plaintiff was caused by physical impact. The distinction between physical impact and nervous shock alone has been clearly pointed out in *Spade* v. *Lynn & Boston Railroad,* 168 Mass. 285 where the plaintiff, who claimed damages for a nervous shock resulting from a man brushing against her, admitted in cross-examination that she was not injured by the physical contact with a man. On the other hand a slight injury accompanied by nervous shock was held compensable in *Homans* v. *Boston Elevated Ry.,* 180 Mass. 456, *Cameron* v. *N.E. Tel. & Tel. Co.,* 182 Mass. 310, *Freedman* v. *Eastern Mass. St. Ry.,* 299 Mass. 246. In all these cases except the *Spade* case, the plaintiff's right to recover has been predicated on the proof of physical harm, externally caused, followed by mental disturbance or nervous shock. In the *Homans* case, the plaintiff was thrown against a seat, as a consequence of a collision while in one of the defendant's cars, receiving a slight blow, and afterwards endured suffering of a hysterical nature. In the *Cameron* case, the plaintiff was thrown from a chair by reason of an explosion

for which the defendant was responsible, and suffered from the effects of fright consequent upon the upset. In the *Freedman* case, the plaintiff strained a muscle in arising from his seat to escape danger apparently impending from the breaking of a window and suffered severe nervousness after the accident. In all these cases an impact or upset caused by the defendant's negligence either preceded or was concomitant with the emotional upset for which damages were claimed.

In the cause under review the plaintiff's claim rests on narrower grounds than those referred to above. In the first place, there is no evidence of any impact or external force preceding the misadventure for which the plaintiff claims damage. The entire claim of the plaintiff is predicated on facts that are identical with those in *Kennedy* v. *Brockelman,* 334 Mass. 225, 226 where the plaintiff, who had purchased two cans of corn, upon eating the corn ''felt something in her mouth that wasn't exactly like corn and spitting it out found half a worm and swallowed the other half.'' She ''became immediately sick'' and for three days was ill with an upset stomach and nausea.'' On these facts the court ruled that the plaintiff could not recover. The analagous circumstances in this cause render this decision one of compelling authority. See also *Sullivan* v. *H.P. Hood & Sons,* 341 Mass. 316.

It must be kept in mind that the only

evidence appearing in this report came from the plaintiff. There was no medical or expert testimony to indicate that the plainitiff suffered from any ailment caused by the presence in her body of any deleterious or harmful substance. While the court filed a memorandum of findings of fact in which it stated that the plaintiff suffered her "injuries when she ate the spinach containing the remnants of a specie of a bug" there was no such evidence in the report. What there is in the report is stated in language virtually identical with that in *Kennedy* v. *Brockelman*, 334 Mass. 225, 226 in which the court denied the plaintiff's claim. It must be remembered that the court's findings of fact are not a part of the record and cannot supply what the report lacks. *Attorney General* v. *Oliver*, 175 Mass. 163.

While the plaintiff cannot recover for her emotional upset, there was, nevertheless, a breach of the implied warranty that went with the purchase of the spinach, and the plaintiff was entitled to recover nominal damages. It was error to deny the plaintiff's request to this effect. *Wheeler* v. *Balestri*, 304 Mass. 257, 259.

**Finding for plaintiff vacated; Finding to be entered for plaintiff for nominal damages.**

Samuel S. Lowen
of Boston for the Plaintiff
Richard M. Reilly
of Boston for the Defendant