*Northern District*

No. 6691

## CLARUS E. McKEON, et al.

v.

## ELM FARM FOODS CO.

Argued: Jan. 17, 1968  Decided: March 15, 1968

*Present:* Brooks, P. J., Connolly, Parker, J. J.

Case tried to *Troy, J.* in the Municipal Court of the Dorchester District.  #R-2512

*Brooks, P. J.  This is an action of contract* originally begun in this Court, removed to Suffolk Superior Court, then remanded for trial under G.L. c. 231, § 102 C, to this Court. Plaintiffs Clarus E. McKeon and her daughter, Mary Ann McKeon, through her father and next

friend, seek to recover damages and injuries sustained as a result of an alleged breach of warranty by defendant in the sale of a can of tuna which allegedly contained a foreign substance. The answer is general denial, contributory negligence, lack of agency and failure to comply with the provisions of G.L. c. 106.

*There was testimony at the trial as follows:* Plaintiff, Mrs. McKeon, bought a can of Star-Kist Tuna for family consumption at one of defendant's stores. Upon eating the tuna she felt something crunch. She then saw what appeared to be pieces of glass in the can. Thereafter, she suffered nausea, upset stomach and diarrhea as did her daughter, these symptoms continued for two weeks in the case of both plaintiffs. Plaintiff presented no medical testimony.

A qualified expert in the field of food processing testified on behalf of defendant that based on the description of the alleged foreign substance given by Mrs. McKeon, (substance not being produced at the trial) it was his opinion that the so-called "pieces of glass" were actually crystals of magnesium ammonium phosphate, commonly known as "struvite". He further testified that such crystals dissolve rapidly in the acid contained in the stomach and would not cause the distress and symptoms complained by plaintiffs.

At the close of the trial, defendant filed the following requests for rulings:

2. The presence of struvite crystals in a can of tuna does not constitute a breach of implied warranty under the Uniform Commercial Code. See *Webster* v. *Blue Ship Tea Room, Inc.*, 347 Mass. 421.

3. The plaintiffs cannot recover for any physical injury sustained solely by mental disturbance upon seeing and/or consuming struvite crystals contained in a can of tuna allegedly sold by the defendant. *Kennedy* v. *Brockelman Bros., Inc.*, 334 Mass. 225, 227. *Sullivan* v. *H. P. Hood & Sons, Inc.*, 341 Mass. 216.

The court allowed both requests and found for both plaintiffs.

Defendant filed a motion for a new trial alleging inconsistencies between the allowance of defendant's requests for rulings and the finding for plaintiffs. The motion for a new trial was denied.

Defendant claimed to be aggrieved by the denial of its motion for a new trial.

It is defendant's contention that there was an inconsistency between the court's ruling that "the presence of struvite crystals in a can of tuna does not constitute a breach of implied warranty" and the accompanying finding for plaintiff. Defendant took appropriate steps to correct the alleged inconsistency by a motion for a new trial. *Kelsey* v. *Hampton Court Motel Co.*, 327 Mass. 150. It now argues that

the denial of the motion was prejudicial error requiring reversal of the court's finding and an order for a new trial. The issue and the sole issue before us is whether there was such inconsistency.

A trial court not infrequently grants requests for rulings, then finds against the same party. That is not necessarily inconsistent. *Mastercraft Wayside Furniture Co.* v. *Sightmaster Corp.,* 332 Mass. 383.

What defendant is really aggrieved by is the court's finding in effect that the deleterious substance was glass and not struvite. In other words defendant argues that the finding was against the weight of the evidence both in fact and in law.

It could have been fairly argued, — first that there was insufficient evidence to find that the substance was glass; secondly, that there was insufficient evidence to find that the cause of plaintiffs' ailment was other than the result of emotional distress. *Spade* v. *Lynn & Boston Railroad,* 168 Mass. 285. *Sullivan* v. *H. P. Hood & Sons, Inc.,* 341 Mass. 216.

In other words had defendant filed requests for rulings relating to the insufficiency of the evidence or had included in his motion for a new trial a request that the general finding was against the weight of the evidence as a matter of law, it would have had at least a sounder basis for its appeal. As it is, the issue which was open to defendant is raised neither by its

requests for rulings nor by its motion for a new trial and is therefore not properly before us. The order must be: **Report dismissed.**

JOHN P. DONOVAN,
  for the Plaintiff.

PAUL V. POWER,
  for the Defendant.