*Western District*

No. 70T 125

## HENRIETTA HARRIS

v.

## COCA-COLA BOTTLING COMPANY OF NEW ENGLAND

Argued: April 21, 1971 - Decided: April 26, 1971

*Present:* Garvey, P.J., Allen, Dudley, JJ.
Tried to: *Walsh, J.,* in the District Court of
Springfield No. 70T 125

**Garvey, P.J.** This is an action of contract
or tort transferred by order of the Superior
Court to the District Court for trial. G.L. c.
231, § 102c. The plaintiff seeks compensation
in counts for breach of warranty and counts for
negligence for illness caused, she alleges, by

the presence of coarse bristles in a bottle of beverage manufactured by the defendant. After a trial there was a finding for the defendant and thereafter her motion for a new trial was denied. Claiming to be aggrieved by the judge's rulings on her requests for rulings of law duly filed at the trial and by the denial of her motion for a new trial the case was reported to us. There was no error.

We summarize the reported evidence. On April 8, 1968 during her lunch hour, the plaintiff purchased from a "coke" machine on the premises of her employer, a bottle of Sprite, a soft drink admittedly manufactured by the defendant. She took the beverage to a nearby table and while eating her lunch she drank from the bottle. When about half the contents were consumed she noticed that there were folded against the bottom of the bottle a dozen or more coarse bristles, some three or four inches in length. She felt disgusted, nauseated and ill, and later at home, vomitted. She consulted a doctor the next day and lost one day's employment. The next day she also outlined the details set out above to a "representative" we assume, of the defendant.

The judge made the following special findings of fact. "This is an action of contract and tort brought by the consumer of a bottled beverage against its manufacturer. Upon consideration of all the evidence I do not find privity of contract between the plaintiff and de-

fendant nor do I find that the defendant was negligent''. He denied the plaintiff's requests for rulings of law directed to the issues of the defendant's liability on contract and negligence as ''inapplicable to or inconsistent with the facts found.'' He declined to act on the requests filed at the hearing on the motion for a new trial. We find no error in the judge's action.

Questions of law which were or might have been raised at the trial of an action cannot be raised as of right on a motion for a new trial. *The Haines Corp.* v. *Winthrop Square Cafe, Inc.,* 335 Mass. 152. *Peterson* v. *Hopson,* 306 Mass. 597. The denial or allowance of a motion for a new trial is discretionary. *Bartley* v. *Phillips,* 317 Mass. 35. No abuse of discretion has been shown.

The plaintiff, as we understand her, argues that the judge's special findings were inadequate or too meagre. We again state what has been repeatedly held, that although desirable, findings of fact need not be made by a trial judge. *Castano* v. *Leone,* 278 Mass. 429, 479, 481. *Stella* v. *Curtis,* 348 Mass. 458, 461. *Dolham* v. *Peterson,* 297 Mass. 479, 481.

Here the judge specially found there was no negligence on the part of the defendant and there was no privity of contract. These findings were adequate and warranted by the evidence. *Kerr* v. *Palmieri,* 325 Mass. 554, 556. They made the plaintiff's requests inapplicable

to the issues raised by the pleadings and evidence and therefore were properly denied.

In *Mead* v. *Coca Cola Bottling Co.*, 329, Mass. 440, 441-442, relied on by the plaintiff in her contract count for breach of warranty of merchantability, there was evidence that the machine dispensing the beverage was owned and controlled by the manufacturer. There was no such evidence in the case presented here.

As recently as *Necktas* v. *General Motors Corp.*, 357 Mass. it was held that a manufacturer is not liable to a remote vendee in contract for breach of warranty.

The plaintiff, in her argument on her negligence count, in our opinion, misinterprets the holdings of the Supreme Judicial Court on this subject. *Evangelio* v. *Metropolitan Bottling Co., Inc.*, 339 Mass. 177, 179-180 is the leading case. There it was held that the manufacturer of bottled goods purchased from an independent purveyor may be liable to such a purchaser for defects in the bottle or contents there has been a showing that there has been no mishandling of the goods from the time they left the possession of the bottler to the time of consumption. In such circumstances, notwithstanding the absence of any evidence of any specific act of negligence the trier of the facts is permitted, but is not required, to draw an inference of negligence on the part of the manufacturer. There was no evidence offered in the case un-

der consideration to permit the judge to draw such an inference.

We also observe, although not precisely raised in report, that on her own evidence (and apparently she was the only witness) the plaintiff suffered no injury from the consumption of any of the contents of the bottle of Sprite. Her injury, if any, did not come "from without" and is not compensable. *Spade* v. *Lynn & Boston Railroad Company,* 168 Mass. 285. *Sullivan* v. *H. P. Hood & Sons, Inc.,* 341 Mass. 216. [*Wheeler* v. *Balestri,* 304 Mass. 257 (cockroaches in bread. No recovery)].

**The report is to be dismissed.**

MORIARTY, DONOGHUE,
LEJA and ROONEY
   of Springfield for the defendants
JOHN T. QUIRK, JR.
   of Springfield for the plaintiff.