Carol GRANT, mother and next friend
of Edward D. Grant, Kenneth Grant,
and Carol Grant, Plaintiffs,

v.

Douglas V. CROOK and Summer
OB/GYN Associates, Inc.,
Defendants.

Civ. A. No. 78–1070–C.

United States District Court,
D. Massachusetts.

April 5, 1979.

Jerrold C. Katz, Boston, Mass., for plaintiffs.

Douglas Danner, Marcia A. Sneden, Powers & Hall, Boston, Mass., Walter G. Murphy, Boston, Mass., for defendants.

## OPINION

CAFFREY, Chief Judge.

This is a civil action in tort for negligence brought by Kenneth and Carol Grant, residents of Atkinson, New Hampshire, in their own right and as next friend of their minor child, Edward D. Grant, and against Dr. Douglas V. Crook, who practices medicine in Haverhill, Massachusetts, and Summer OB/GYN Associates, Inc., a Massachusetts corporation.

Plaintiffs seek recovery for medical malpractice and allege that the amount in controversy exceeds $10,000. The matter came before the Court on defendants' motion to strike portions of plaintiffs' claim in which both parents seek recovery for "mental anguish, mental pain and grief" and for deprivation of the "love, services, society and companionship of their son."

Defendants rely on *Kennedy v. Brockelman Brothers, Inc.,* 334 Mass. 225, 134 N.E.2d 747 (1956), and on *Diaz v. Eli Lilly & Co.,* 364 Mass. 153, 165, 302 N.E.2d 555 (1973). Plaintiffs argue that the negative impact of the above-mentioned cases on their claim is eliminated by the decision of the Supreme Judicial Court in *Dziokonski v. Babineau,* 380 N.E.2d 1295.

A careful reading of the opinion in *Dziokonski* establishes that the so-called impact rule of *Spade v. Lynn and Boston RR,* 168 Mass. 285, 47 N.E. 88 (1897), was abandoned by the court in *Dziokonski.* It is equally clear, however, that the court felt obligated to "determine what new limits of liability are appropriate and how those limits affect the plaintiffs' decedents, parents of a child alleged to have been injured by the defendants' negligence. *Id.* at 1296. In formulating the new rule of liability Justice Wilkins, speaking for a majority of the court, stated that the question to be resolved was "whether a person who negligently causes emotional distress which leads to physical injuries may be liable for those injuries even if the injured person neither was threatened with nor sustained any direct physical injury." *Id.* at 1296. Throughout the opinion Justice Wilkins adverted not to mere emotional distress, mental anguish, mental pain or grief but rather to physical injury resulting from negligently induced emotional distress, etc.

In the instant case plaintiff concedes that no claim for physical injury is made by the plaintiffs who seek to recover herein solely for negligently caused mental anguish, mental pain and grief and for the deprivation of the love, services, society and companionship of their son. Plaintiffs argue in their brief that *Dziokonski* indicates that if presented with the question today, the Massachusetts Supreme Judicial Court would allow recovery for such negligently caused mental injuries even though they did not lead to any claimed physical injuries to the plaintiffs.

I am persuaded that the present state of the decisions of the Supreme Judicial Court, including *Dziokonski*, does not support plaintiffs' contention, and, in so ruling, I have in mind that Justice Wilkins in *Dziokonski* specifically distinguished a very narrow group of cases in which a Massachusetts plaintiff is allowed to recover for purely emotional distress where that emotional distress is the product of defendants' intentional, as distinguished from negligent, wrongful conduct, *e. g., Agis v. Howard Johnson Co.,* 371 Mass. 140, 355 N.E.2d 315 (1976).

The Supreme Judicial Court's obvious awareness of the *Agis* doctrine, coupled with the Court's holding in *Dziokonski* limiting recovery to cases involving physical injury resulting from negligently induced emotional distress, persuades me the Supreme Court would not extend the *Dziokonski* doctrine to the facts of this case but would follow its earlier decision in *Diaz, supra,* and its predecessors.