Shubow, J.
This is an action of tort in which the defendant challenges an award of $1,500 to the plaintiff on the ground that it represented damages for emotional distress not resulting from an accompanying physical injury.[1]
The underlying facts, as summarized in the Report, are:
The [pjlaintiff Thomas Walker purchased a large bottle of Pepsi Cola at the Fernandes Supermarkets in Middleboro on March 11, 1985. He returned home and several hours later poured some of the Pepsi Cola into a glass. In the process of drinking the glass of Pepsi Cola, he felt something catch in his throat and such caused him to upchuck the material and some of the cola. He observed the material to be an inch to an inch and one-half bone with some fuzzy tissue attached. He did not seek any medical treatment as a result of this inicident.
The trial judge’s denial of the following request for ruling as a mixed question of fact and law brings the case before us:
10. As a matter of law, the [pjlaintiff is only entitled to recover nominal damages as the evidence does not establish any physical injury was sustained by reason of the presence of a foreign substance in the [defendant's product.”
The trial judge demonstrated that he agreed with the defendant's formulation of the applicable law by allowing request No. 9, couched as follows: •
.As a matter of law, the [pjlaintiff cannot recover for any physical injury sustained solely as a result of emotional distress by reason of finding a foreign substance in the [djefendant’s product. Sullivan V. H.P. Hood & Sons, Inc., 341 Mass. 216, 223; Kennedy V Brockelman Brothers, 334 Mass. 225.
Reading the two rulings together, it appears clear that the judge found the plaintiff to have undergone a physical injury when he felt something catch in his throat which caused him to “upchuck,” that is vomit. We are not privy to the evidence available to the judge as to the effects either in intensity or duration ,of this incident upon the plaintiffs physical or mental functioning[2] nor do we *35 know whether he lost time from gainful employment or how the judge allocated damages as between physical and psychic discomfort. The defendant’s quarrel, in any event, as expressed in request No. 10, is not with the amount of the damages but with the fact that any damages, beyond purely nominal ones, were awarded. The trial judge has articulated his understanding that “There is no right of action for emotional distress caused by negligence absent at least an allegation that the plaintiff suffered physical harm. .. .” Garrity v. Garrity, 399 Mass. 367, 369 (1987).
Reduced to its simplest terms, the argument of the defendants rests on the contention, stated in their brief (p. 3), that the plaintiff “did not suffer any physical injury whatsoever.” If that were the situation the authorities cited by the defendants would be controlling and the judgment won by the plaintiff unwarranted. It is established in Massachusetts that there can be no recovery for emotional distress in the absence of any evidence of physical harm. Payton v. Abbott Labs, 386 Mass. 540, 545-546 (1982). On the other hand, “ [w]here plaintiffs have suffered directly inflicted personal injuries as a result of a defendant’s negligence, courts have not been reluctant to allow recovery for emotional distress, occurring contemporaneously with those personal injuries, as an additional element of damages.” Payton, supra, at p. 548.
We are not prepared to say that the judge was “plainly wrong” in finding that the plaintiffs experience amounted to a physical injury, even though he did not seek medical attention. The plaintiffs reaction to drinking the offending liquid was objective and physical and not simply psychological. We are not authorized to set aside findings of fact unless clearly erroneous. Rule 52(a), Dis./Mun. Cts. Rules of Civil Procedure.
The judge’s ruling being, for the reasons stated, free of legal error, his judgment is affirmed and the report ordered dismissed.

 We do not have the complaint before us and cannot determine whether the complaint alleged negligence or breach of warranty or both. However, since “a claim for breach of warranty of merchantability is in essence a tort claim," Cohen v. McDonnell Douglas Corporation, 389 Mass. 327, 332 (1983), quoting Wolfe v. Ford Motor Co., 386 Mass. 95, 99 (1982), we proceed on the basis that the requisite physical foundation for recovery in a negligence case is also required in a breach of warranty case.

 We disregard colorful statements in the plaintiffs brief as to the violent character of his response and his discovery, as he claims, that what caused him to choke turned out to be the leg of a rat. These facts do not appear in the Report and ought not, therefore, appear in the brief.